### BARSEL TAX SERVICE, Inc. v. RANDAZZO, et al.

Circuit Court, Dade County, Civil Appeal.

November 5, 1954.

Melvin J. Richard, Miami Beach, for appellant.

Stephen F. Bazzano, Miami, for appellees.

CHARLES A. CARROLL, Circuit Judge.

This is an appeal from a judgment of the civil court of record dated December 15, 1953, which was rendered in favor of defendants pursuant to an order directing a verdict for them at the conclusion of the presentation of plaintiff's evidence.

A subsequent order denying plaintiff's motion for new trial shows that the lower court was of the opinion that chapter 473 of the Florida Statutes relating to public accountants was applicable, and operated to prevent plaintiff's recovery.

On November 18, 1952 the plaintiff corporation sued Randazzo and Civetta, individually and as partners, alleging that they (individually or as partners) had employed plaintiff to manage defendants' business, which appears to have been a bar and package store, including the installing, keeping and auditing books and records and inventory, and the general management of the business. Plaintiff alleged performance from July 1 to September 23, 1952, and its discharge at that time by defendant.

Civetta answered, denying that he owned any interest in the business, averring that he was an employee, and his answer admitted performance by the plaintiff, by admitting—"that plaintiff did undertake and did install and keep and audit the books, records and inventory of said business, and did undertake and conduct the general management of said business, commencing July 1, 1952 to and including September 23, 1952."

The other defendant, Randazzo, filed an answer and counterclaim on January 9, 1953, followed by an amended answer and counterclaim on March 11, 1953. In that answer Randazzo admits that he is the owner and operator of the bar and package store in question and that Civetta is only an employee. The Randazzo answer also admits that plaintiff was hired to conduct the general management of the business, including the managing, keeping and auditing the books and records and inventory and stock, and admits that plaintiff undertook to perform the duties from June 1 to September 23, 1952, as claimed, and admits plaintiff was discharged by Randazzo. That defendant also admitted that he had not paid the plaintiff any compensation, averring as a reason that plaintiff had permitted a $3,000 shortage or loss of inventory to occur, and the latter was the basis of the amended counterclaim.

On November 19, 1953 defendant Civetta amended his answer by adding, as an affirmative defense a proposition or contention that the plaintiff had performed illegal services in undertaking to "install, manage, keep and audit the books, records and inventory

of said business," and contending that "the general management of said business by plaintiff corporation cannot be separated or severed from the undertaking and installing, managing, keeping and auditing of the books, records and inventory of said business by the plaintiff corporation in its claim for the fair and reasonable value of its work, labor and services" and contending that defendant was relieved of all liability for payment for the services for that reason.

Thus it appears that when the cause was at issue the defendants had admitted the plaintiff's claim of employment, admitted that he performed the services which he claimed to have performed, admitted that he was discharged, admitted that he was to have been paid the reasonable value of his services.

The remaining issues, then, were—(1) as to the status of the defendant Civetta (in view of the claim of both defendants that he was an employee and not an owner or part owner), (2) as to the reasonable value of the services performed by plaintiff, (3) as to the claim of the $3,000 loss to the business through negligence of plaintiff while managing same, and (4) the effect of the statute relating to public accountants on plaintiff's right to recover.

It is the opinion of this court that chapter 473, relating to public accountants, is not a defense against the plaintiff's claim for services in this case.

Under section 473.02 of the statute, defining "public accounting," a sub-paragraph (2) thereof shows that the act does not apply to one who practices or performs accounting services for only one employer. Nowhere in the pleadings is it charged, nor was it shown here, that the plaintiff was a public accountant. There was no allegation that the (unlicensed) plaintiff held itself out to the public and performed such services for the public generally or for any others than the defendants here in this single employment.

The plaintiff's allegation, admitted by defendants, was that plaintiff was employed as a manager, which included many services in addition to any actual auditing work.

Secondly, even if the services for which plaintiff sought to recover were those prohibited by the statute in question, the plaintiff might incur certain liabilities thereby, such as becoming subjected to penalties prescribed in the act, but I find no express provision in the statute barring recovery of compensation for such services when so performed, and by the weight of authority, the absence of such provision in the statute prevents it from precluding recovery against a private employer.

Thirdly, this court is not able to agree that an accounting or public accounting service could not be severed from other services performed so as to permit recovery for the reasonable value of the latter. On considering the services of a manager of such a business or businesses as a bar and liquor store, including the setting up of books, records and inventories and the bookkeeping, it seems reasonable that any auditing or accounting or strictly accounting work which was done along with the other work could have been relatively minor in volume by comparison. It might well be, if there had been a blanket contract price for all the services, that there would be no sufficiently accurate way to sever and allocate to the accounting work a portion of the contract price, and to allocate the proper portion of the stipulated pay to the other work. But this case does not present that problem. The plaintiff was to be paid the reasonable value of its services. If a part of the services performed cannot be compensated for for some reason, there seems to be no reason why other services performed cannot be valued and paid for. All of the services were to be measured on a quantum meruit basis. The very nature of the claim, and the proof, required consideration of value of the various services separately in order to arrive at the amount to be paid for all the services for which collection should be allowed.

Accordingly, the judgment appealed from is reversed and the cause remanded for a new trial on a basis not inconsistent with the views hereinabove expressed as to the law of the case.